UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUANN TURCO and JOHN A. TURCO,

    Plaintiffs,

v.                                        Case No: 2:18-cv-634-FtM-99MRM

IRONSHORE INSURANCE
COMPANY,

    Defendant.
_____/

# OPINION AND ORDER[1]

Before the Court is Defendant Ironshore Insurance Company's Motion to Dismiss (Doc. 19), and Plaintiffs Luann Turco and John Turco's response in opposition (Doc. 25). For the reasons below, the Court denies the motion.

# BACKGROUND[2]

Plaintiffs built a home two years ago, and Ironshore issued a homeowner's insurance policy to cover any damage to it. (Doc. 1-2). Plaintiffs soon discovered the companies that developed and built the home did so defectively. Because of the defects and building code violations, Plaintiffs have suffered property damage, relocation expenses, a decrease of the home's value, and legal and consulting expenses. (Doc. 1

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] The Court recounts the factual background as pled, which it must take as true to decide whether the Complaint states a plausible claim. See *Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

at ¶ 12). Plaintiffs made a claim to Ironshore for damages, and the company paid a portion of what was sought. But Ironshore has since stopped reimbursing Plaintiffs for additional damages. Plaintiffs thus bring this two-count action against Ironshore for a declaratory judgment under 28 U.S.C. § 2201 (Count 1) and breach of contract (Count 2). (Doc. 1). Ironshore now moves to dismiss the Complaint.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned the defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S. at 555). The pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A court must accept well-pleaded allegations of a complaint as true, but it is not bound to accept legal conclusions couched as facts. Iqbal, 556 U.S. at 678. Also, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the plaintiff is entitled to relief.'" Id. at 678 (quoting Fed. R. Civ. P. 8(a)(2)). If a plaintiff has not "nudged [his] claims across the line from conceivable to plausible," the complaint fails to state claim. Twombly, 550 U.S. at 570.

## DISCUSSION

**A. Count I: Declaratory Judgment**

Plaintiffs bring Count I under the Declaratory Judgment Act, 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 57. (Doc. 1 at ¶ 16). Under the Act, a court "may declare

the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201; *see also* Fed. R. Civ. P. 57 (stating "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate"). An essential element for a declaratory judgment action is "the existence of an 'actual controversy' between the parties, a term which holds a similar meaning as the cases and controversies requirement of Article III to the United States Constitution." *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 151 F. Supp. 3d 1294 (M.D. Fla. 2015) (citation omitted). And "a trial court should not entertain an action for declaratory judgment on issues which are properly raised in other counts of the pleadings and already before the court, through which the plaintiff will be able to secure full, adequate and complete relief." *Seigel v. Provident Life & Accident Ins. Co.*, No. 8:16-cv-584-EAK-TGW, 2016 WL 4059248, at *2 (M.D. Fla. July 27, 2016) (internal quotes omitted). Beyond these threshold requirements, district courts have significant discretion in deciding whether to entertain a declaratory judgment action. *See Smith v. Casey*, 741 F.3d 1236, 1244 (11th Cir. 2014) ("Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."); *see also* 28 U.S.C. § 2201(a) (providing that district courts "may" exercise jurisdiction over a declaratory judgment claim").

Here, Ironshore argues that Plaintiffs identify no ambiguous policy provision the Court needs to interpret to declare coverage rights. (Doc. 19 at 5 ("Plaintiffs have not alleged sufficient facts to establish the existence of an actual controversy regarding the construction or the validity of the Policy, and therefore, have failed to plead a viable cause

of action for declaratory relief.")). Because the policy is unambiguous, Ironshore maintains only factual issues need to be resolved, which declaratory relief does not cover. (*Id.*).

Plaintiffs respond that they need only claim they are insureds under the policy to show a bona-fide adverse interest for a justiciable question. (Doc. 25 at 3). And they assert they have done so with the following allegation: "A present controversy exists between the parties requiring an immediate and definitive adjudication and determination of the legal rights between the parties with respect to the subject Policy." (*Id.* at 4 (citing Doc. 1 at ¶ 6)). Plaintiffs also argue Florida law allows them to pursue a declaratory judgment to determine the legal effects and consequences of unambiguous policy language. (*Id.* at 5).

The Court agrees with Plaintiffs. Reading the Complaint as a whole, Plaintiffs have alleged enough facts from which there is a substantial likelihood they will suffer injury in the future. Plaintiffs claim they have "suffered and continue to suffer consequential and resulting property damages" that Ironshore refuses to cover under the policy. The Court is satisfied there is a justiciable question here.

Ironshore's attack on Count I does not end there. It also moves to dismiss the declaratory judgment claim because it is "completely duplicative of [Count II] the breach of contract claim." (Doc. 19 at 3). Ironshore argues the crux of Plaintiffs' suit is payment for alleged losses the breach of contract claim will "fully and efficiently" address. (*Id.*). Because litigating the breach of contract claim will resolve the coverage and damages issues, Ironshore wants Count I dismissed. (*Id.* at 4). In support of this theory, Ironshore cites three *Southern* District of Florida cases in which declaratory judgment claims were

4

dismissed as subsumed within breach of contract claims. (*Id.* at 3). Plaintiffs respond that they need a declaration of rights because the coverage issue for their home's damages is not cut-and-dry like the cases Ironshore cites.

District courts in the Eleventh Circuit have ruled both ways on this issue. "Because the decision to entertain a declaratory claim is discretionary, some courts dismiss claims for declaratory relief where the plaintiff also alleges a sufficient and related breach of contract claim. Other courts allow claims for declaratory relief to travel with a claim for breach of contract." *Developers Surety and Indemnity Co. v. Archer Western Contractors, LLC,* No. 6:16-cv-1875, 2017 WL 6947785 (M.D. Fla. Apr. 17, 2017), *report and recommendation adopted* at 2017 WL 8314655 (citation omitted). At this stage of litigation, the Court will exercise its discretion to allow both claims to move forward.

Although there is some overlap between the two claims, they are not wholly duplicative. In Count I, Plaintiffs want "the Court to enter declaratory judgment against Ironshore, construing the subject Policy and determining that Ironshore owes [Plaintiffs] all resulting property and other damage to which the subject Policy applies, declaring the [Plaintiffs'] rights under the subject Policy, awarding [Plaintiffs] its attorneys' fees and costs[.]" (Doc. 1 at 6-7). In Count II, however, Plaintiffs only demand damages. (*Id.* at 8). Also, a motion to dismiss tests a claim's plausibility—not redundancy. And the Act and Rule 57 allow for a declaratory judgment even if there is another adequate remedy. See *Blitz,* 151 F. Supp. 3d at 1303 ("It is well-established that 'the existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate."). At this juncture, Plaintiffs have plausibly alleged a declaratory judgment

claim.  Whether the breach of contract claim subsumes that claim is better resolved at summary judgment.  The Court thus denies Ironshore's motion to dismiss on Count I.

## B.  Count II: Breach of Contract

Ironshore also moves to dismiss the breach of contract claim because the Complaint does not plead the cause of action with "requisite specificity."  (Doc. 19 at 6). It takes issue that the Complaint does not allege, for example, "when the damages took place, when the claim was made, or what claim number was assigned to the claim."  (*Id. at 6-7*).  Without such allegations, Ironshore argues it cannot tell whether Plaintiffs have alleged a claim recoverable under the policy.

Plaintiffs respond that the breach of contract claim is sufficient because the Complaint states the existence of an insurance policy, the policy number, Ironshore's failure to comply with the policy's terms, and the damages they incurred because of the company's breach.  (Doc. 25 at 6).  These allegations, according to Plaintiffs, allow for the reasonable inference that Ironshore is liable for the damages.  From there, Plaintiffs argue that they need not plead information like a claim number or when a claim was made because Ironshore is in the best position to know this information.  (*Id.*).

To state a claim for breach of contract, a plaintiff must allege the existence of a contract, a breach of the contract, and resulting damages.  Those elements appear on the face of the Complaint here.  Plaintiffs allege that Ironshore entered into a homeowner's insurance contract with them; it breached the policy by not paying for covered property loss, and the company's refusal to pay has caused monetary and property damages.  Taking these allegations as true, Plaintiffs have plausibly alleged a cause of action for breach of contract.  And these allegations sufficiently provide Ironshore

with fair notice of the claim and the grounds on which it rests. The Court thus denies the motion to dismiss as to Count II.

Accordingly, it is now

**ORDERED:**

(1) Defendant Ironshore Insurance Company's Motion to Dismiss (Doc. 19) is **DENIED**.

(2) Ironshore must answer the Complaint on or before **December 10, 2018**.

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of November 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record